IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:17-cv-02079-RM-KMT

LISA BLAND,

    Plaintiff,

v.

MEMORIAL REGIONAL HEALTH F/K/A THE MEMORIAL HOSPITAL,

    Defendant.

## ORDER

This matter is before the Court on two motions: (1) the Joint Motion to Reopen (the "Motion") (ECF No. 54) filed pursuant to Fed. R. Civ. P. 60(b) and this court's inherent order to manage its docket; and (2) the Joint Motion for Declaratory Judgment and Hearing (ECF No. 55). The Court's authority to hear the motion for declaratory relief is dependent on its jurisdiction to reopen this case. Upon review of the Motion, and the court record, the Court finds insufficient grounds to grant the requested relief.

In *Smith v. Phillips*, 881 F.2d 902 (10th Cir. 1989), the Tenth Circuit agreed that "an unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Fed. R. Civ. P. 60(b)." 881 F.2d at 904 (quotation, brackets, and citation omitted). *See also Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (voluntary dismissal with prejudice is a "final judgment" subject to Rule 60(b)). Thus, this Court has authority under Rule 60(b) to

consider the parties' motion to set aside their voluntary dismissal with prejudice and to reopen the case. *Schmier*, 569 F.3d at 1243.

Relief under Rule 60(b), however, is "'extraordinary and may be granted in only exceptional circumstances.'" Schmier, 569 F.3d at 1243 (citing *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)). The parties rely on Rule 60(b)(6) which allows the Court discretion to provide relief for "any other reason that justifies relief." The parties contend relief is justified because they have been unable to finalize their settlement due to their inability to obtain certification from the Center for Medicare & Medicaid Services that Medicare's interest (if any) in reimbursement from the settlement proceeds could be satisfied by the settlement funds. Accordingly, they seek an evidentiary hearing concerning Medicare's interest; an order commanding nonparties the U.S. Secretary for Health and Human Services and the U.S. Department of Justice to appear for this evidentiary hearing; and an order declaring, among other things, that Medicare has no interest in the settlement proceeds and that its interest is adequately protected in the settlement.

The parties cite two cases from other districts which have followed a similar path. Such cases, however, are factually distinguishable and not controlling. Moreover, the Court is not persuaded. Instead, on the current record, the Court finds the parties have not sufficiently shown it has the power to order a nonparty to appear at an evidentiary hearing and enter an order declaring the rights of such nonparty based on a request for declaratory relief directed against such nonparty.[1] Accordingly, the Motion is denied without prejudice. A refiled motion, if any,

---

[1] Indeed, the only Circuit case cited by the district court decisions was *Bradley v. Sebelius*, 621 F.3d 1330 (11th Cir. 2010), *in which the Secretary of the U.S. Department of Health and Human Services was a party*.

2

must not only show the Court may (and should) grant the relief requested but also submit, for *in camera* review,[2] the settlement agreement upon which the parties rely.

Based on the foregoing, it is ORDERED

(1) That the Joint Motion to Reopen (ECF No. 54) is DENIED without prejudice; and

(2) That the Joint Motion for Declaratory Judgment and Hearing (ECF No. 55) is DENIED as moot.

DATED this 4th day of October, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[2] The Court recognizes the parties offered to do so in the Joint Motion for Declaratory Judgment and Hearing.